UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA,    :    CASE NO. 5:97-CR-00090
:
       Plaintiff,    :
:
vs.    :    ORDER & OPINION
:    [Resolving Doc. No. 124]
ALEXANDER YAROMICH,    :
:
       Defendant.    :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Alexander Yaromich moves this Court to disallow the collection of fines or restitution by the Bureau or Prisons or a parole or probation officer. [Doc. 124.] The United States of America opposes the motion. [Doc. 126.] For the reasons that follow, the Court **DENIES** the Petitioner's motion.

**I. Background**

On July 8, 1997, a federal jury found Petitioner Yaromich guilty of three counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113 (a) and (d), and three counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). [Doc. 62, 63.] On September 22, 1997, the Court sentenced Yaromich to a total of 610 months incarceration and ordered him to pay a total of $17,677.74 in restitution. [Doc. 91, 92.] Yaromich appealed his conviction to the Sixth Circuit, which affirmed the District Court's judgment. *United*

-1-

Case No. 5:97-CR-00090
Gwin, J.

*States v. Yaromich*, 166 F.3d 1216, 1998 WL 833692 (6th Cir. Nov. 20, 1998). On April 3, 2000, Yaromich filed a petition of habeas corpus pursuant to 28 U.S.C. § 2255 [Doc. 106], which the Court dismissed as untimely filed [Doc. 117]. On July 16, 2001, Yaromich filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 121], which the Court denied [Doc. 123].

Yaromich now moves this Court pursuant to 18 U.S.C. § 3572(d) to "Disallow Collection of Fines or Restitution by [an] Unauthorized Entity," arguing that the Court improperly delegated its authority to impose restitution to the Federal Bureau of Prisons and/or a parole/probation officer. [Doc. 124.] Yaromich asks this court to issue an order directing the Bureau of Prisons to cease collecting restitution from the petitioner and prohibiting a probation or parole officer from collecting such payments from Yaromich. [*Id.* at 3.]

## II. Analysis

In support of his motion, Yaromich relies on the Fourth Circuit's decision in *United States v. Miller*, in which that court held that a district court cannot delegate its authority to establish an installment plan for payment of restitution or fines to the Federal Bureau of Prisons or a United States probation officer because it is part of the imposition of a sentence, which is a core judicial function. 77 F.3d 71, 77-78 (4th Cir. 1996).

The Sixth Circuit did not follow Fourth and other Circuits in finding that a court abdicates an essential judicial function by delegating the scheduling of restitution payments. In *United States v. Weinberger*, the Sixth Circuit held that a district court could properly delegate, under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, the setting of a schedule of restitution payments to either the Federal Bureau of Prisons, through the Inmate Financial Responsibility Program ("IFRP"), or to a United States probation officer. 268 F.3d 346, 359-61 (6th Cir. 2001).

Case No. 5:97-CR-00090
Gwin, J.

In *United States v. Davis*, however, the Sixth Circuit held that in cases in which the court applies the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A-3664,[1] that statute specifically required the district court itself to set a restitution payment schedule in its restitution order, and that a court that delegated the setting of a payment schedule to the Bureau of Prisons or a probation officer would not be in compliance with the express terms of the statute. 306 F.3d 398, 425-26 (6th Cir. 2002).

However, the Sixth Circuit in *Davis* did not create a new cause of action under Section 3572(d), the statute upon which the Defendant relies. In *Davis*, the Sixth Circuit entertained Davis's challenge to his sentence on direct appeal and vacated and remanded his sentence as to the restitution order for the district court to set a payment schedule. 306 F.3d at 426. Similarly, the Fourth Circuit, while relying on 18 U.S.C. § 3572(d) in its holding, did not create a new cause of action arising out of this Section. *See Miller*, 77 F.3d at 77-78 (vacating restitution order on direct appeal); *see also United States v. Coates*, 178 F.3d 681, 685 (3d Cir. 1999)(vacating restitution order on direct appeal under MVRA); *United States v. Porter*, 41 F.3d 68, 71 (2d Cir. 1994)(vacating restitution order on direct appeal where district court improperly delegated setting of restitution schedule); *United States v. Albro*, 32 F.3d 173, 174 (5th Cir. 1994)(same).

Yaromich failed to raise the issue of his restitution payment schedule on direct appeal, or, for that matter, in either his § 2255 petition or his motion to vacate his sentence. Yaromich instead now challenges his sentence under 18 U.S.C. § 3572(d), which provides that "[i]f the judgment, or

---

[1] Under the MVRA, restitution is mandatory when a defendant is convicted of a crime of violence, an offense against property, or an offense related to tampering with consumer products in which an identifiable victim has suffered a physical or pecuniary injury. 18 U.S.C. § 3663A(c)(1). The MVRA applies to sentencing proceedings in cases, like Yaromich's, in which the defendant was convicted on or after April 24, 1996. *Davis*, 306 F.3d at 425.

...

Case No. 5:97-CR-00090
Gwin, J.

in the case of a restitution order, the order, permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court . . . ." 18 U.S.C. § 3572(d)(2). It further allows for the court to adjust the payment schedule, "as the interests of justice require," based on a showing of a material change in the defendant's economic circumstances. 18 U.S.C. § 2572(d)(3). This is not the relief that Yaromich seeks. Instead, Yaromich is challenging the Court's authority to impose the sentence it did in his case. Such a challenge is beyond the parameters of the relief provided in Section 3572.

Yaromich's motion could be considered a motion to vacate or correct his sentence pursuant to 22 U.S.C. § 2255. *See Weinberger*, 268 F.3d at 352 n.1 (assuming without deciding that prisoner can challenge restitution order under § 2255 when coupled with claim of ineffective assistance of counsel, even though not claiming a right to be released). However, "[s]entencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion . . . [and] must be made on direct appeal or they are waived," unless reviewed as part of an ineffective assistance claim. *Id.* at 351. Moreover, Yaromich already filed a motion in this Court pursuant to § 2255. Accordingly, the Court will not construe Yaromich's present order as an application for relief under that section.

Finally, a prisoner may also be able to bring such a claim on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a challenge to the manner in which his sentence is being executed. *See United States v. Wynn*, 328 Fed. App'x 826, 829 (3d Cir. 2009); *see also, Enigwe v. Snizeik*, 2006 WL 413592, at *1 (N.D. Ohio Feb. 21, 2006), *aff'd*, Enigwe v. Snizeik, No. 06-3473 (6th Cir. August 3, 2006). Such a petition, however, is properly brought in the district of confinement. *See id.* Moreover, Yaromich would have to show exhaustion of administrative

-4-

Case No. 5:97-CR-00090
Gwin, J.

remedies before filing such a petition in the Middle District of Pennsylvania. *Id.*; *see also Little v. Hopkins*, 638 F.2d 953 (6th Cir. 1981).

The Court thus finds no basis in law to grant the Petitioner the relief he seeks and denies the present motion.

### IV. Conclusion

For the reasons discussed above, the Court **DENIES** the Petitioner's Motion to disallow the collection of fines or restitution. [Doc. 124.]

IT IS SO ORDERED.

Dated: January 28, 2010　　　　　　　　　　s/　　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE