UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                                |   |                           |
|--------------------------------|---|---------------------------|
| UNITED STATES OF AMERICA,      | : | CASE NO. 97-cr-00090      |
| Plaintiff,                     | : | ORDER                     |
|                                | : | [Resolving Doc. 136]      |
| v.                             | : |                           |
| ALEXANDER P. YAROMICH,         | : |                           |
| Defendant.                     | : |                           |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Since 1997, Alexander Yaromich has been serving a 610-month prison sentence for committing several armed bank robberies. At the time Yaromich was sentenced, 18 U.S.C. § 924(c)(1) required a mandatory and consecutive five-year sentence the first time a defendant used a firearm to commit a violent crime. It also provided that subsequent using-a-firearm violations carried a mandatory 20-year consecutive sentence.

Yaromich was convicted of three sequential robberies involving the use of firearms. In Yaromich's case, that meant one 5-year and two 20-year sentences, each served consecutively, totaling 540 months.

Now, Yaromich asks the Court for compassionate release. Yaromich says that a 2018 sentencing-law change, the COVID-19 pandemic, and Yaromich's immature age at the time of the offense give extraordinary-and-compelling reasons for early release.

The Court disagrees. The Sixth Circuit has decided that this Court may not consider nonretroactive sentencing-law changes do not give extraordinary-and-compelling reasons for early release exist. Further, the COVID-19 pandemic does not qualify a prisoner for early release when the prisoner can access and benefit from the COVID-19 vaccine. Finally, the

Case No. 97-cr-00090
GWIN, J.

Court finds that Yaromich's young age at the time of the offense, without more, does not qualify for early release.

So, for reasons more fully explained below, the Court **DENIES** Yaromich's compassionate-release motion. But Yaromich may refile for a sentence reduction after the Sentencing Commission's new rules regarding inmates serving "unusually long sentences" takes effect.

### Discussion

**Sentencing-law change.** In 1997, a jury found Yaromich guilty of robbing three banks, violating 18 U.S.C. §§ 2113 (a) and (d). The jury also found Yaromich guilty of three 18 U.S.C. § 924(c)(1) violations for using a firearm to commit each robbery.

The Court sentenced Yaromich to 610 months' incarceration. Yaromich's lengthy sentence resulted from § 924(c)(1)'s "stacking" provision.[1] The stacking provision required a 5-year consecutive sentence for the first violation and a 20-year consecutive sentence for each subsequent violation—even if the first violation and subsequent violations were charged in the same action.[2]

Because Yaromich violated § 924(c)(1) three times, the stacking provision resulted in a 45-year (540-month) mandatory, consecutive sentence. The Court sentenced Yaromich to 70 months for the bank robberies, plus the 540-month mandatory sentence, totaling 610 months.[3]

In the First Step Act of 2018, Congress revised the stacking provision. Now, § 924(c) imposes a 7-year mandatory-minimum sentence for brandishing a firearm to commit a violent

---

[1] *See* 18 U.S.C. § 924(c)(1) (effective through Nov. 12, 1998) ("In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years … .")
[2] *See id.*
[3] Doc. 128 at 11–12 (PageID 29–30) (Sentencing Transcript).

Case No. 97-cr-00090
GWIN, J.

crime.[4] And a 25-year subsequent-violation penalty applies only when there has been an earlier and prior conviction that has become final.[5]

Applying the First Step Act's revisions, Yaromich likely would have received three 7-year consecutive terms under 924(c), totaling 21 years (252 months).[6] Together with the 70-month sentence for bank robbery, Yaromich likely would have received a 322-month aggregate sentence.

If this Court sat in the First, Fourth, Ninth, or Tenth Circuit, the Court could consider the First Step Act's revisions when deciding whether qualifying reasons to reduce Yaromich's sentence exist.[7] But in *United States v. McCall*, the Sixth Circuit decided that the extraordinary-and-compelling-reasons analysis does not include any "nonretroactive legal developments."[8] So, in this circuit, the stacking-provision change does not qualify Yaromich for early release.

But forthcoming guidelines changes might permit Yaromich to show extraordinary-and-compelling reasons for a reduced sentence. A recently proposed sentencing guideline would permit an extraordinary-and-compelling-reasons finding when a sentencing-law change creates a "gross disparity" between the inmate's sentence and the sentence the inmate would have received under the new law, and the inmate has already served 10 years of an "unusually long sentence."[9]

---

[4] *See* 18 U.S.C. § 924(c)(1) (current).
[5] *See id.*
[6] Yaromich argues that the 5-year minimum for merely possessing a firearm in furtherance of a violent crime, rather than the 7-year minimum for brandishing a firearm, would apply. *See* § 924(c)(1)(A)(i). That seems unlikely. *See United States. v. Yaromich*, 166 F.3d 1216, at *1 (6th Cir. 1998) (table) (describing Yaromich's use of a firearm to intimidate bank tellers). But the Court need not resolve this question today. Regardless of which provision applies, Yaromich received a decades-longer sentence than he would have received after the First Step Act's passage.
[7] *See* United States v. McCall, 56 F.4th 1048, 1065 (6th Cir. 2022) (collecting cases), *cert. denied,* 22-7210, 2023 WL 3571586 (U.S. May 22, 2023).
[8] *See id.* at 1061.
[9] *See* 88 Fed. Reg. 28254, 28255 (May 3, 2023) (proposing U.S.S.G. §1B1.13).

- 3 -

Case No. 97-cr-00090
GWIN, J.

Assuming no congressional changes, the rule will take effect November 1, 2023.[10] Yaromich may reapply for a sentence reduction if and when the rule becomes effective.

**Youth.** Yaromich next says his relatively young age when he committed the robberies gives an extraordinary-and-compelling reason for early release. In support, Yaromich cites the Tenth Circuit's decision in *United States v. Maumau*.[11] There, the Tenth Circuit affirmed a district court's decision that a defendant's "young age" at sentencing, the "incredible" length of a defendant's stacked § 924(c) sentences, and the First Step Act's nonretroactive sentencing-law changes provided extraordinary-and-compelling reasons for early release.

*Maumau* does not help Yaromich. At bottom, the *Maumau* decision to grant compassionate release turned on the "combination" of the defendant's youth and the disparity between the sentence the defendant received and the sentence an identical defendant would have received after the First Step Act.[12] As explained above, district courts in this circuit may not consider that disparity.[13]

**COVID-19.** Finally, Yaromich suggests that his incarceration during the COVID-19 pandemic justifies early release. The Court disagrees.

Although the pandemic made incarceration harder for inmates, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[14] Because Yaromich gives no evidence that he cannot access or benefit from the COVID-19 vaccine, the pandemic does justify an early release.

---

[10] *Id.* at 28254.
[11] 993 F.3d 821 (10th Cir. 2021).
[12] *See id.* at 837.
[13] *McCall*, 56 F.4th at 1061.
[14] United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021).

- 4 -

Case No. 97-cr-00090
GWIN, J.

**Statutory sentencing factors.**  Because the Court does not find qualifying reasons for early release, the Court does not consider the 18 U.S.C. § 3553(a) factors..

## Conclusion

So, the Court **DENIES** Yaromich's compassionate-release motion.


IT IS SO ORDERED.


Dated: June 8, 2023                                    *s/     James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE