# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 5:97-cr-00090 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| ALEXANDER P. YAROMICH, ) | **MEMORANDUM OF OPINION AND ORDER** |
| ) | |
| Defendant. ) | (Resolving Docs. 155, 156, 159) |
| ) | |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(I)* (Doc. 155) (the "Motion") filed by Defendant Alexander Yaromich ("Yaromich"). The United States of America filed a response (Doc. 156), and Yaromich filed an additional reply (Doc. 159).

For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

In 1997, a jury found Yaromich guilty of three counts of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a)(d) (Counts One, Three, and Five) and three firearms counts in violation of 18 U.S.C. § 924(c)(1) (Counts Two, Four, and Six). Yaromich was sentenced to a total of 610 months in prison, including 70 months for Counts One, Three and Five concurrent and a consecutive 60 months as to Count Two, followed by two consecutive sentences of 240 months each as to Counts Four and Six. *See Minutes*, docket entry dated September 22, 1997.

Yaromich's lengthy sentence was due to the then-current 18 U.S.C. 924(c)(1), which provided "[i]n the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years." This was otherwise known as the "stacking"

1

provision, which required a 5-year consecutive sentence for the first firearm violation, and additional 20-year consecutive sentence(s) for each subsequent violation, even if each violation was charged in the same case. The First Step Act changed section 924(c) in 2018 by eliminating the "stacking" provision as it applied to the first offense. First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22; *See also United States v. Baker*, No. 21-1320, 2022 U.S. App. LEXIS 28024, at *4 (6th Cir. Oct. 6, 2022) ("the First Step Act amend[ed] the statute to eliminate the 25-year mandatory minimum…unless the defendant had a prior § 924(c) conviction that became final before he committed [the second one]") (internal quotation marks and citation omitted).

Yaromich now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on changes in the law since the time he was sentenced. He argues that the three section 924(c) convictions, specifically those for Counts Four and Six, would carry significantly lower mandatory sentences, and that the section § 3553(a) factors further weigh in favor of his release.

II.  **LAW AND ANALYSIS**

The Court generally cannot change or modify a sentence once it is imposed unless that authority is expressly granted by statute. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted). Compassionate release under section 3582(c)(1)(A) is one exception to this rule. *United States v. Nicholson*, No. 21-1724, 2023 U.S. App. LEXIS 17818, at *3 (6th Cir. July 11, 2023).

As a preliminary matter, if the motion for compassionate release is filed by the defendant, the Court must first ensure either i) they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or ii) that 30 days have lapsed from the receipt of the request by the warden of defendant's facility. 18 U.S.C. §

2

3582(c)(1)(A). It appears based on the filings in this case that Yaromich did not appeal the Bureau of Prisons decision declining to bring a motion for compassionate release on his behalf. However, Yaromich filed the Motion on April 30, 2024, well over 30 days after his written request for compassionate release to the warden (Doc. 155-1), therefore he satisfies this first requirement.

The Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating extraordinary and compelling reasons as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021) (internal quotation marks omitted). In short, district courts have discretion to define "extraordinary and compelling" circumstances. *United States v. McCall*, 56 F.4th 1048, 1054–55 (6th Cir. 2022). While district courts have discretion, it is not so broad or unlimited as to permit finding a nonretroactive change to federal sentencing law as extraordinary or compelling enough to permit a sentence reduction. *Id.* Rather, "the nonretroactivity of judicial precedent announcing a new rule of criminal procedure is not extraordinary" and "a criminal defendant serving the duration of a lawfully imposed sentence is not compelling." *Id.* at 1056.

In November 2023, Amendment 814 took effect and altered the policy statement, U.S.S.G. § 1B1.13, by providing for its application to motions for compassionate release filed by defendants. *United States v. Sandlain*, No. 23-2101, 2024 U.S. App. LEXIS 8273, at *4 (6th Cir. Apr. 5, 2024). Most notably, the policy statement expounds upon "extraordinary and compelling" reasons and adds new guidance as to when changes in law may be considered. *See* U.S.S.G. §§ 1B1.13(b)(6),

3

(c). Subsection (b)(6) provides that the Court may find that a nonretroactive change in law may present extraordinary and compelling circumstances when:

> a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment…but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*See also United States v. Harper*, No. 22-1291, 2023 U.S. App. LEXIS 33030, at *7 (6th Cir. Dec. 12, 2023) ("the new policy statement, which is now in effect, allows defendants to seek compassionate release based on non-retroactive changes in law if the defendant has been in prison at least ten years").

### A. Changes in Law

The First Step Act did not make the change to section 924(c) retroactive. In the Motion, Yaromich relies on the new U.S.S.G. § 1B1.13(b)(6) which added that "post-sentencing legal changes may be considered in the extraordinary and compelling analysis." The Sixth Circuit recognized in *Harper* that the policy statement had changed and noted its potential effect on *McCall*. *Harper*, 2023 U.S. App. LEXIS at *6. Since that time, a split has developed amongst district courts in this circuit as to whether the new policy statement superseded *McCall*. *See United States v. Bricker*, No. 24-3286, 2024 U.S. App. LEXIS 15572, at *8 (6th Cir. June 26, 2024); *compare United States v. Brown*, 715 F. Supp. 3d 1034, 1041 (S.D. Ohio Feb. 2, 2024) *with United States v. Patterson*, No. 5:14-CR-00289, 2024 U.S. Dist. LEXIS 197676, at *8 (N.D. Ohio Oct. 31, 2024).

This Court finds that the relief Yaromich seeks is foreclosed by the controlling law of *McCall*. At the time of this Order, the Sixth Circuit has yet to opine on whether the new policy statement impacts its holding in *McCall*. *See Bricker*, at *8. As such, the Court is bound by *McCall*

and Yaromich has, therefore, not established extraordinary and compelling reasons supporting a sentence reduction pursuant to U.S.S.G. § 1B1.13(b)(6) because the change to section 924(c) was not made retroactive.

### B. The Section 3553(a) Factors

If the defendant establishes that "extraordinary and compelling" reasons for their release exist, the second question the Court faces is whether the applicable section 3553(a) factors warrant such a reduction. *United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021). Although the Court finds Yaromich has not met the threshold requirement of establishing "extraordinary and compelling" reasons, it has additionally considered the section 3553(a) factors to alternatively find they do not warrant his release.

The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Upon consideration of the applicable section 3553(a) factors, the Court has determined that release is not warranted in light of the circumstances of Yaromich's case. Relevant here is the nature of the offenses and the need of the sentence to promote respect for the law, afford adequate

deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (2). Yaromich committed several armed bank robberies where he waived and pointed a gun at tellers from point-blank range and took a total of over $15,000. Yaromich put lives in jeopardy and these offenses were of a very serious nature – the type that can incite fear of the direct victims and bystanders long into the future. He also pointed his weapon at the officer that pursued him after the third robbery and resisted arrest by fighting the same officer. Further, Yaromich's disciplinary record is also insufficient to support a sentence reduction. The record reflects several incidents of his disregard for prison rules, including possession of contraband such as a cell phone, drugs, and alcohol, and multiple assaults. Doc. 156-1. Last, Yaromich's sentence fell within the applicable sentencing guidelines range at the time. *See* 18 U.S.C. § 3553(a)(4). Accordingly, the Court finds that the section 3553(a) factors do not weigh in favor of his early release.

### III. CONCLUSION

Upon consideration of controlling law in the Sixth Circuit, the Court finds Yaromich does not present extraordinary and compelling circumstances that warrant his compassionate release. Additionally, the applicable section 3553(a) factors do not warrant a reduction to his sentence. For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(I)* (Doc. 155) is DENIED.

Date:   December 5, 2024                    */s/ John R. Adams*
                                            JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE